UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LG 200 DOE,

Plaintiff,

vs.

CITY OF BUFFALO and POLICE OFFICERS
JOHN and/or JANE DOES #1-20,

Defendants.

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § § 1441 and 1446, the City Defendants, above-named, by their undersigned attorney, hereby remove to this Court the civil action filed in New York State Supreme Court, Erie County, bearing Index Number 819847/2026. In support of this notice, the City Defendants state:

1. On September 23, 2026, Plaintiff filed a Summons and Complaint against the City Defendants in state court. On that date, Plaintiff also filed an Order to Show Cause, an Affirmation in Support of Proposed Order to Show Cause, and a Request for Judicial Intervention. The City Defendants were served with the pleading on or about September 28, 2026.

2. An index identifying each document filed or served in the state court action is attached at page 3 of this Notice of Removal. Copies of these documents are also attached to this notice as exhibits.

3. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Plaintiff's Complaint asserts claims against the Defendants arising under 42 U.S.C. § 1983.

4. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the federal district court for the district embracing the place where the state court action is pending.

5. The City Defendants file this Notice of Removal so that the action now pending in state court is removed to this Court for all further proceedings.

Dated: 10/9/26
Bufalo, New York

ROSA ALINA PIZZI
Corporation Counsel
Attorney for Defendants

Kurt Snuszka, Esq.
Assistant Corporation Counsel
City of Buffalo Department of Law
65 Niagara Square, 1100 City Hall
Buffalo, New York 14202
Tel.: (716) 581-4082

## INDEX OF DOCUMENTS FILED OR SERVED IN STATE COURT PRIOR TO REMOVAL

Ex. 1: Summons and complaint

Ex. 2: Proposed Order to Show Cause

Ex. 3: Affirmation in Support of Proposed Order to Show Cause – LG 200 Doe

Ex. 4: Attorney Affirmation in Support of Proposed Order to Show Cause

Ex. 5: Request for Judicial Intervention

Ex. 6: Order to Show Cause

Ex. 7: Affidavit of Service – City of Buffalo

Ex. 8: Affidavit of Service – Buffalo Police Department

**CERTIFICATE OF FILING AND SERVICE**

Promptly after filing this Notice of Removal in this Court, I will file the same on the New York State Courts Electronic Filing System, which will give notice to Plaintiffs and state court of the removal.

Dated: 10/9/26
Bufalo, New York

ROSA ALINA PIZZI
Corporation Counsel
Attorney for Defendants

Kurt Snuszka, Esq.
Assistant Corporation Counsel
City of Buffalo Department of Law
65 Niagara Square, 1100 City Hall
Buffalo, New York 14202
Tel.: (716) 581-4082

# EXHIBIT 1

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

LG 200 DOE,

*Plaintiff,*

vs.

CITY OF BUFFALO
1100 City Hall
65 Niagara Square
Buffalo, New York 14202

BUFFALO POLICE OFFICERS
JOHN and/or JANE DOES #1-20
68 Court Street
Buffalo, New York 14202

*Defendants.*

**SUMMONS**

Index No.

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Erie County is designated as the place of trial on the basis of CPLR 504.

DATED: Buffalo, New York
September 23, 2026

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: Dale J. Bauman
DALE J. BAUMAN, ESQ.
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
dbauman@lglaw.com
Direct: (716) 844-3537
Office: (716) 849-1333

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

LG 200 DOE,
*Plaintiff*,

vs.

CITY OF BUFFALO, and
BUFFALO POLICE OFFICERS
JOHN and/or JANE DOES #1-20

*Defendants*.

**COMPLAINT**

Index No.

Plaintiff, LG 200 DOE, ("Plaintiff") by her attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for her complaint against defendants, alleges:

**PARTIES**

1. Plaintiff, at all times hereinafter mentioned, was a resident of the City of Buffalo located within the County of Erie and the State of New York.

2. Upon information and belief, Defendant, CITY OF BUFFALO ("CITY"), is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

3. Upon information and belief, at all times herein mentioned, Defendants BUFFALO POLICE OFFICERS JOHN and/or JANE DOES #1-20 ("Does"), were and still are residents of the City of Buffalo located within the County of Erie and the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, Defendants, Does, were employed as police officers by Defendant, CITY.

## CONDITION PRECEDENT

5. On or about the 15th day of December, 2025, a Notice of Claim was served on behalf of Plaintiff upon the CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT and BUFFALO POLICE OFFICERS JOHN and/or JANE DOES #1-20, within ninety (90) days of the date upon which the claim arose. At least thirty (30) days have elapsed since the service of the notice of claim, and defendants have failed and neglected to adjust or pay the said claim. Plaintiff appeared for a 50-h hearing on February 26, 2026.

6. This action falls within one or more of the exceptions set forth in CPLR § 1602.

## FACTS

7. On or about the 27th day of September, 2025, Plaintiff, an individual with a disability, was the subject of a welfare check over concerns of an alleged mental health crisis.

8. At approximately 6:00 p.m., at 443 Linwood Avenue, Apartment 2, Buffalo, New York, two mental health counselors from the Department of Social Services arrived at Plaintiff's residence in response to a welfare check.

9. During their conversation, one of the mental health counselors left the apartment and returned a few minutes later with a police officer or police officers.

10. Upon the defendant officer's arrival to the Plaintiff's home, Plaintiff was standing or sitting on her front porch speaking with one of the above-mentioned mental health counselors. Defendants Buffalo Police Department Officer John and/or Jane Doe #1 asked Plaintiff if she wished to be evaluated by a psychiatrist or staff at Erie County Medical Center, which she declined.

11. Plaintiff then went into her apartment through her front entrance from the porch and shut the door behind her. She was followed by Buffalo Police Department Officers John

and/or Jane Does #1 and #2 who attempted to restrain her with handcuffs.

12. Buffalo Police Department Officers John and/or Jane Does #1 and #2 grabbed Plaintiff and shoved her onto the floor and/or onto her couch, and in so doing severely fractured her right humerus.

13. At the time of the incident, additional Buffalo Police Officers, hereafter named John and/or Jane Does #3-20, responded to Plaintiff's residence, and remained outside of the residence.

14. Rather than de-escalate or assess the situation, and/or attempt to speak with Plaintiff by phone or through her door, the defendant Buffalo Police Department Officers John and/or Jane Does #1-20 escalated the situation by their actions that preceded the use of force against Plaintiff.

15. The officer-created danger was unnecessary, excessive, and against best practices in the field of law enforcement for dealing with victims experiencing a mental health crisis.

16. Defendants Buffalo Police Department Officers John and/or Jane Does #1-2 failed to obtain the necessary mental health treatment for Plaintiff causing the situation to escalate resulting in Plaintiff being assaulted by Buffalo Police Department Officers John and/or Jane Does #1-2 resulting in serious injuries.

17. Defendants violated the constitutional rights and privileges of Plaintiff, by using unnecessary and unlawful excessive force in their performance of their duties as police officers; by failing to supervise, train and or discipline officers who deploy unnecessary and excessive use of force; by failing to afford Plaintiff, an individual with a qualified disability, reasonable accommodations such as: waiting to engage with Plaintiff; utilizing the City of Buffalo Police Department's Crisis Intervention Team (CIT) team; in failing and/or omitting to have policies for appropriately responding to mental health service calls; in failing and/or omitting to train its police officers how to appropriately respond to mental health service calls; in ratifying its officers' repeated

unlawful uses of force, particularly against residents with mental illness; by failing to take corrective action despite their subjective awareness of a pattern of such constitutional violation; in failing to provide such training and supervision despite knowing its officers would confront the difficult situation of responding to requests for police services involving persons experiencing mental-health crises, in which a lack of appropriate training and/or supervision (including training in de-escalation techniques and access to nonlethal force) would frequently result in its officers using objectively unreasonable and disproportionate force against persons experiencing mental health crises; in failing and/or omitting to adequately supervise police officers in connection with mental health service calls; in failing and/or omitting to be cognizant or aware that their actions or inactions would foreseeably cause injury to claimant; in failing and/or omitting to use appropriate care and discretion; in failing to provide attention to the mental health and medical needs and the treatment of such needs for Plaintiff; in failing and/or omitting to have mental health/crisis prevention personnel on call; in causing physical harm and injury to the claimant.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS' PLAINTIFF, ALLEGES:**
**NEGLIGENCE**

18. Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

19. On the date of the incident, the defendant officers were acting as agents of the City, within the scope of their employment with the City.

20. The City and its agents, Defendant officers, owe a duty of reasonable care to persons with whom they interact.

21. Defendant officers have a duty of reasonable care to refrain from inflicting or causing unnecessary harm on others under general notions of negligence and the common law.

22. The City and Defendants Buffalo Police Department Officers John and/or Jane Does #1-20 owed such a duty to Plaintiff.

23. Defendants breached that duty by not ensuring that mental health professionals were the default first responders for the mental health emergency.

24. Defendants' breach of duty proximately caused Plaintiff's injuries.

25. The City is responsible for the acts of its agent and employees, including Defendants Buffalo Police Department Officers John and/or Jane Does #1-20.

26. The City, along with Defendants Buffalo Police Department Officers John and/or Jane Does #1-20, is therefore liable for Plaintiff's injuries.

27. As a result of the acts of Defendants, Plaintiff has suffered injury to her right humerus, mind, significant pain, emotional distress, humiliation, and disability.

28. Plaintiff is therefore entitled to recover damages in the amount to be proven at trial.

29. Plaintiff was required to hire attorneys to represent her in this matter and is thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION**
**SUBSTANTIVE DUE PROCESS**

**(Due Process 14th Amendment and 42 U.S.C. § 1983 et seq.)**

30. Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

31. Defendants Buffalo Police Department Officers John and/or Jane Does #1-20 acted under color of state law. Defendants exercised their authority as City officers, responding to a call involving Plaintiff, and controlling the actions and decisions at the scene. This authority, derived

from their official positions, enabled them to direct the sequence of events that led to the injury of Plaintiff.

32. Plaintiff had a constitutionally protected liberty interest to be free of a state created danger.

33. As a proximate result of Defendants' actions, Plaintiff suffered and will continue to suffer damages, including emotional distress and loss of income, in an amount to be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, PLAINTIFF, ALLEGES:**

42 U.S.C. § 1983 AND THE FOURTH AMENDMENT

(Excessive Use of Force in Violation of the Fourth Amendment)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

35. On September 27, 2025, Defendants Buffalo Police Department Officers John and/or Jane Does #1-20 violated Plaintiff's right to be free from excessive force under the Fourth Amendment of the United States Constitution during their response to a mental health call.

36. At the relevant time the City had an unlawful municipal policy or custom of its police using objectively unreasonable force, particularly against residents with mental illness.

37. In addition or in the alternative, City policyholders ratified its officers' repeated unlawful uses of force, particularly against residents with mental illness, by failing to take corrective action despite their subjective awareness of a pattern of such constitutional violation.

38. In addition or in the alternative, City policymakers knew to a moral certainty that City police officers would confront the difficult situation of responding to requests for police

services involving persons experiencing mental-health crises, in which a lack of appropriate training and/or supervision (including training in de-escalation techniques and access to nonlethal force) would frequently result in its officers using objectively unreasonable and disproportionate force against persons experiencing mental health crises, and was deliberately indifferent to the constitutional rights of those interacting with its police in failing to provide such training and supervision.

39. Defendants violated rights held by Plaintiff which are clearly established, and no reasonable official similarly situated as defendants could have believed that such conduct was lawful or within the bounds of reasonable discretion. Therefore, defendants lack qualified or statutory immunity from suit or liability.

40. Defendants' use of force was sufficiently unreasonable and conscience shocking.

41. The actions of defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of this intentional conduct, Plaintiff, is entitled to punitive damages against defendants, in an amount sufficient to punish them and to deter others from similar conduct.

42. At no point during the incidents described herein did the circumstances necessitate or support the above applications of force utilized by the defendants against Plaintiff. As a result, Plaintiff was damaged, harmed and injured, and seeks compensation in an amount to be determined at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CITY, ABOVE-NAMED,**
**THE PLAINTIFF ALLEGES:**
**(Monell Claim-Municipal Liability Pursuant to 42 U.S.C. Section 1983)**

43. Repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as fully set forth herein.

44. A municipality, such as the City, may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

45. Defendant, City established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiff, and the damages and injuries described herein. They did so with deliberate indifference to the rights of the Plaintiff and had actual and/or constructive knowledge of the pervasive and widespread practice of Buffalo Police Department's use of excessive force on citizens experiencing a mental health crisis yet failed to do anything to end the practice. These written and unwritten policies, customs, patterns, and practices included:

a. Failing to train its police officers in responding to mental health calls;
b. In failing to provide such training and supervision despite knowing its police officers would confront the difficult situation of responding to requests for police services involving persons experiencing mental health crises, in which a lack of appropriate training and/or supervision (including training in de-escalation techniques and access to nonlethal force) would frequently result in its officers using objectively unreasonable and disproportionate force against persons experiencing mental health crises;

c. In failing and/or omitting to adequately supervise police officers in connection with mental health service calls;

d. In failing and/or omitting to provide its police officers with non-lethal weapons and training in their use;

e. In failing and/or omitting to have mental health/crises prevention personnel on call;

f. In allowing their officers to falsify use of force reports to cover up crimes of assault.

46. At all relevant times, defendants acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of Plaintiff. The actions of the defendants were malicious, willful, wanton, and reckless.

47. The failure by defendants to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

48. Such acts as alleged herein were the proximate cause of injury and damage to the Plaintiff.

49. Upon information and belief, when defendants shoved Plaintiff to the ground, broke her humerus, and forcefully handcuffed her, they were acting pursuant to the custom, practice, and/or policy of the Defendant City, which condones Buffalo Police Department's use of force without justification.

50. Upon information and belief, Defendants' City and Buffalo Police Department, custom, practice, and/or policy on condoning police misconduct by its officers, directly and proximately resulted in the Plaintiff sustaining her humerus injury, being assaulted, shoved, and subjected to excessive force.

51. Upon information and belief, to date Defendant City has not implemented any particular training, oversight measures or policies designed or intended to provide equal services to individuals experiencing mental health crises; and/or curtail the improper use by City of utilizing force on individuals experiencing mental health crises.

52. As a result of the above constitutionally impermissible conduct, Plaintiff suffered violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and physical injury.

53. Accordingly, Plaintiff demands judgment against defendants compensatory and equitable, including costs and fees, to be determined at trial.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:**

(Assault under New York State Law)

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

55. The Officer Defendants improperly restrained, shoved, and forcibly handcuffed the Plaintiff, and used excessive force upon Plaintiff, resulting in a fractured right humerus.

56. The Officer Defendants intended to either inflict personal injury or to arouse apprehension of harmful or offensive bodily contact.

57. As a direct and proximate cause of the actions described herein, Plaintiff sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty, all to an amount to be ascertained according to proof at trial.

58. The City is vicariously liable for the actions of their respective employees under the theory of respondeat superior.

59. The actions of the Officer Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted against Plaintiff. As a result of this intentional unlawful conduct, Plaintiff is entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

60. The Officer Defendants' use of force was unreasonable and shocked the conscious.

**AS AND FOR AN SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:**

(Battery under New York State Law)

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

62. The Officer Defendants improperly restrained, shoved, and forcibly handcuffed the Plaintiff, resulting in a fractured right humerus.

63. The Officer Defendants intentionally made bodily contact with Plaintiff, the intended contact was itself offensive and was without the consent of Plaintiff.

64. As a direct and proximate cause of the actions described herein, Plaintiff sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty, all to an amount to be ascertained according to proof at trial.

65. The actions of the Officer Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted against Plaintiff. As a result of this intentional conduct, Plaintiff is entitled to punitive damages against the Officer Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

66. The Officer Defendants' use of force was unreasonable and shocked the conscious.

67. The City is vicariously liable for the actions of their respective employees under the theory of respondeat superior.

**WHEREFORE**, Plaintiff asks this Court to GRANT the following relief:

Compensatory, special, and equitable damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; Award attorneys' fees and costs pursuant to 42 U.S.C. §§1983 and 1988; Declarative relief; Punitive damages; and for such other, further, or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED: Buffalo, New York
September 23, 2026

LIPSITZ GREEN SCIME CAMBRIA LLP

By: Dale J. Bauman
DALE J. BAUMAN, ESQ.
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
dbauman@lglaw.com
Direct: (716) 844-3537
Office: (716) 849-1333

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

LG 200 DOE,

Plaintiff

vs. Index No. ________

CITY OF BUFFALO and
BUFFALO POLICE OFFICERS
JOHN and/or JANE DOES #1-20

Defendants

**NOTICE OF COMMENCEMENT OF ACTION**
**SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile, or contact the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: September 23, 2026

[Signature] (Signature) (716) 844-3537 (Phone)
Dale J. Bauman (Name) (716) 855-1580 (Fax)

Lipsitz Green Scime Cambria LLP (Firm) dbauman@lglaw.com (E-mail)

42 Delaware Avenue, Suite 120 (Address)

Buffalo, NY 14202

7793374v1 - 076888.0001

TO:

CITY OF BUFFALO
1100 City Hall
65 Niagara Square
Buffalo, New York 14202

BUFFALO POLICE OFFICERS
JOHN and/or JANE DOES #1-20
68 Court Street
Buffalo, New York 14202

# EXHIBIT 2

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

LG 200 DOE,

Plaintiff,

vs.

CITY OF BUFFALO and
BUFFALO POLICE OFFICERS JOHN
and/or JANE DOES #1-20.

Defendants.

**ORDER TO SHOW CAUSE**

Index No.

Assigned Judge:

**Oral Argument Requested**

Upon reading and filing the annexed Affidavit of Dale J. Bauman, Esq., sworn to the 23rd day of September 2026 and the Affidavit of Plaintiff, LG 200 Doe, sworn to the 23rd day of September, 2026, it is hereby

**ORDERED**, that Defendants shall show Cause at a Special Term of this Court to be held at the Erie County Supreme Court, at ________________________, Part ___, Buffalo, New York 14202 on the _____ day of _________________, 2026 at________________A.M./P.M., or as soon thereafter as counsel can be heard, why an Order should not be entered:

a. Permitting Plaintiff to prosecute this action using the pseudonym "LG 200 Doe";

b. Permitting Plaintiff, *nunc pro tunc*, to file her Summons and Verified Complaint using said pseudonym, rather than her true name;

c. Directing that all papers filed in this action, and all judgments, orders, decisions, notices to or from the Court, and any other documents relating to this action, shall refer to Plaintiff only as "LG 200 Doe," or be redacted to remove her true name;

d. Prohibiting the Defendants and their attorneys from publishing or otherwise disclosing Plaintiff's true name, or personal data or information that would permit a person to ascertain Plaintiff's true name, to any individual or entity, except as required to defend this action; and

e. Requiring that Defendants and their attorneys provide a copy of this requested order to all individuals or entities to whom disclosure is necessary during the course of this litigation, and as a prerequisite, prior to disclosing Plaintiff's true identity, have each individual and/or entity sign an acknowledgment that said individual and/or entity has read and is bound by the terms of the requested order.

**IT IS FURTHER ORDERED**, that a copy of this Order to Show Cause and the supporting papers shall be served via hand delivery, personal service or overnight mail, upon Defendants on or before the _____ day of __________________, 2026; and it is further

**ORDERED**, that responding papers, if any, must be hand delivered or mailed to this Court and Plaintiff's counsel or electronically filed on the New York State Courts Electronic Filing ("NYSCEF") site on or before the _____ day of __________________, 2026; and it is further

**ORDERED**, that reply papers, if any, are permitted and must be hand delivered or mailed to this Court and Defendants/Defendants' counsel or electronically filed on NYSCEF on or before the _____ day of __________________, 2026; and it is further

**ORDERED** that Plaintiff is permitted as interim relief to maintain the above pseudonym caption pending a hearing on this Order to Show Cause.

________________________________
Hon.

GRANTED:

# EXHIBIT 3

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

LG 200 DOE,

Plaintiff,

**AFFIRMATION**

vs.

Index No.

CITY OF BUFFALO,
BUFFALO POLICE OFFICERS
JOHN and/or JANE DOES #1-20

Defendants.

---

[redacted] affirms that the following is true under penalty of perjury pursuant to CPLR 2106:

1. I commenced this action using the pseudonym "**LG 200 DOE.**"
2. I submit this Affirmation in support of my motion for an Order:

   a. Permitting me to prosecute this action using the pseudonym "LG 200 Doe";

   b. Permitting me, *nunc pro tunc*, to file a Summons and Complaint using said pseudonym, rather than my true name;

   c. Directing that all papers filed in this action, and all judgments, orders, decisions, notices to or from the Court, and any other documents relating to this action, shall refer to me only as "LG 200 Doe," or be redacted to remove my true name;

   d. Prohibiting the Defendants and their attorneys from publishing or otherwise disclosing my true name, or personal data or information that would permit a person to ascertain my true name, to any individual or entity, except as required to defend this action; and

   e. Requiring that Defendants and their attorneys provide a copy of this requested order to all individuals or entities to whom disclosure is necessary during the course of this litigation, and as a prerequisite, prior to disclosing my true identity, have each individual and/or entity sign

an acknowledgment that said individual and/or entity has read and is bound by the terms of the requested order.

3. As set out in my Complaint, I was having a mental health event when I was assaulted by a Police Officer or Officers employed by Defendant City of Buffalo on September 27, 2025.

4. Due to the highly sensitive nature of the facts in this case, and specifically my private mental health condition and any related diagnoses, I respectfully request that my identity be kept anonymous and that I continue to be identified by my pseudonym only.

5. Should my identity be revealed to the general public or any person not directly involved in the litigation or adjudication of this action, I will likely immediately suffer personal and/or economic hardship, social stigmatization and backlash from the community, irreparable injury, loss and damage. This is especially so where my future employment and/or profession and any advancement therein would be greatly impaired by disclosure of the circumstances of my injury and my accompanying mental health condition and diagnoses.

6. There is no prejudice to Defendants in my proceeding anonymously. Defendants were provided my identity in the Notice of Claim previously served and at the 50-h, which was already conducted, and at which I answered all questions put to me.

7. Defendants will have discovery herein, and my attorneys will confidentially disclose to Defendants my full name and other identifying information.

8. Therefore, I respectfully request that an Order be granted as provided in paragraph 2, above.

* * *

9. I affirm on 9/23/2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

10. My signature below constitutes an electronic signature pursuant to the New York State Electronic Signature Records Act §302(3), and was personally placed by me on this document, it is my intent in placing it to sign this document, and it constitutes my electronic signature.

[redacted] PLAINTIFF

# EXHIBIT 4

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

LG 200 DOE,

Plaintiff,

vs.

CITY OF BUFFALO, and
BUFFALO POLICE OFFICERS
JOHN and/or JANE DOES #1-20

Defendants.

**ATTORNEY AFFIRMATION**

Index No.

**DALE J. BAUMAN, ESQ.**, being duly sworn, deposes and says:

1. I am an attorney at law duly licensed to practice in the State of New York and an attorney with the law firm of Lipsitz Green Scime Cambria, LLP, attorneys for Plaintiff, LG 200 Doe, in the above-captioned action.

2. I submit this Affidavit in support of Plaintiff's motion for an Order:

a. Permitting Plaintiff to prosecute this action using the pseudonym "LG 200 Doe";

b. Permitting Plaintiff, *nunc pro tunc*, to file her Summons and Complaint using said pseudonym, rather than her true name;

c. Directing that all papers filed in this action, and all judgments, orders, decisions, notices to or from the Court, and any other documents relating to this action, shall refer to Plaintiff only as "LG 200 Doe," or be redacted to remove her true name;

d. Prohibiting the Defendants and their attorneys from publishing or otherwise disclosing Plaintiff's true name, or personal data or information that would permit a person to ascertain Plaintiff's true name, to any individual or entity, except as required to defend this action; and

e. Requiring that Defendants and their attorneys provide a copy of this requested order to all individuals or entities to whom disclosure is necessary during the

course of this litigation, and as a prerequisite, prior to disclosing Plaintiff's true identity, have each individual and/or entity sign an acknowledgment that said individual and/or entity has read and is bound by the terms of the requested order.

3. Employing the pseudonym LG 200 Doe, Plaintiff commenced this action by filing a Summons and Complaint in the office of the Erie County Clerk on or about September 23, 2026. (NYSCEF Doc. No. 1, filed accompanying this application). As alleged in Plaintiff's Complaint and stated in her accompanying affirmation, Plaintiff is the victim of assault and constitution rights violations resulting from an incident that occurred on September 27, 2025 in Buffalo, New York, during which time Plaintiff was experiencing a mental health event. Certain of Plaintiff's claims involve improper response to that mental health event.

4. Pursuant to CPLR § 2101(c), a summons and complaint "shall include the names of all parties." Plaintiff asks that the Court grant an order pursuant to CPLR § 2001[1], permitting her to, *nunc pro tunc*, file her Summons and Complaint using the pseudonym "LG 200 Doe" rather than her true name.

5. Although CPLR § 2101(c) requires that the caption of a summons and complaint include parties' names, New York's courts have permitted plaintiffs to proceed under a pseudonym in civil actions involving situations where "plaintiffs' situation is compelling, involving highly sensitive matters including social stigmatization, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. New York University*, 6 Misc.3d 866, 879 (Sup. Ct., New York Cnty 2004).

[1] CPLR § 2001 provides that "[a]t any stage of an action … the court may permit a mistake, omission, defect or irregularity, … or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded."

6. Most recently, Courts of this state have regularly permitted such actions in the cases of sexual assault and sexual misconduct. *See, e.g., Doe v. Amherst Cent. School Dist.*, 196 A.D.3d 9, 13 (4th Dept., 2021) (Appellate Division upheld granting of pseudonym application for child sexual abuse victim); *Doe v. MacFarland*, 66 Misc.3d 604 (Sup. Ct., Rockland Cnty 2019); *Doe v. Beth Israel Medical Center*, 2018 WL 3859691 (Sup Ct., New York Cnty 2018); *Doe v. New York University*, 6 Misc.3d 866 (Sup. Ct., New York Cnty 2004).

7. In determining whether a plaintiff should be permitted to proceed under a pseudonym, Courts "balance[e] the privacy interests of the party seeking anonymity against the general presumption favoring open trials and the risk of prejudice to the opposing party." *Doe v Szul Jewelry, Inc.*, 2008 WL 2157893, at *5 (N.Y. Sup. Ct. May 08, 2008).

8. The present case presents a situation where Plaintiff's mental health condition and diagnoses at the time of the incident are matters of a most personal and highly sensitive nature. In her Affirmation, Plaintiff states that if her identity were revealed to the general public or any person not involved in this litigation, she would likely immediately suffer personal and economic hardship, social stigmatization and backlash from the community. This is especially so where Plaintiff's future employment and/or profession and any advancement therein would be greatly impaired by the disclosure of the circumstances of her injury and her accompanying mental health condition and diagnoses.

9. Those factors strongly militate in favor of permitting Plaintiff to proceed pseudonymously. In the absence of such permission, Plaintiff will not be able to seek redress of her injuries.

10. Equally significant, Defendants will not be prejudiced if Plaintiff is permitted to proceed anonymously. Plaintiff's identity was disclosed in the Notice of Claim previously served

and at the 50-h, which was already conducted, and at which Plaintiff answered all questions posed to her.

11. Defendants will also have the opportunity engage in discovery in this action.

12. **WHEREFORE**, for the reasons set forth above and in Plaintiff's affidavit, Plaintiff respectfully requests that the Court grant an order providing the relief identified in paragraph 2, above.

* * *

13. I affirm on September 23, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dale J. Bauman

Dale J. Bauman, Esq.

**CERTIFICATION OF WORD COUNT**

This document contains 930 words and therefore is in compliance with Uniform Rule 202.8-b.

Dale J. Bauman
DALE J. BAUMAN, ESQ.

# EXHIBIT 5

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 12/16/2024)

Supreme COURT, COUNTY OF Erie

Index No: ______ Date Index Issued: ______

**For Court Use Only:**
IAS Entry Date
Judge Assigned
RJI Filed Date

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

LG 200 DOE

Plaintiff(s)/Petitioner(s)

-against-

CITY OF BUFFALO, BUFFALO POLICE OFFICERS JOHN and/or JANE DOES #1-20

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING: Check only one box and specify where indicated.

### COMMERCIAL

- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial *(specify)*: ______

***NOTE:*** *For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the* ***COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)****.*

### TORTS

- ☐ Asbestos
- ☐ Environmental *(specify)*: ______
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability *(specify)*: ______
- ☐ Other Negligence *(specify)*: ______
- ☐ Other Professional Malpractice *(specify)*: ______
- ☒ Other Tort *(specify)*: Police Excessive Force

### SPECIAL PROCEEDINGS

- ☐ Child-Parent Security Act *(specify)*: ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration [see ***NOTE*** in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement *(specify)*: ☐ Initial ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene *(specify)*: ______
- ☐ Other Special Proceeding *(specify)*: ______

### MATRIMONIAL

- ☐ Contested

***NOTE:*** *If there are children under the age of 18, complete and attach the* ***MATRIMONIAL RJI Addendum (UCS-840M)****.*

*For Uncontested Matrimonial actions, use the Uncontested Divorce RJI* ***(UD-13)****.*

### REAL PROPERTY Specify how many properties the application includes: ______

- ☐ Condemnation
- ☐ Mortgage Foreclosure *(specify)*: ☐ Residential ☐ Commercial

Property Address: ______

***NOTE:*** *For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the* ***FORECLOSURE RJI ADDENDUM (UCS-840F)****.*

- ☐ Partition

***NOTE:*** *Complete and attach the* ***PARTITION RJI ADDENDUM (UCS-840P)****.*

- ☐ Tax Certiorari *(specify)*: Section: ______ Block: ______ Lot: ______
- ☐ Tax Foreclosure
- ☐ Other Real Property *(specify)*: ______

### OTHER MATTERS

- ☐ Certificate of Incorporation/Dissolution [see ***NOTE*** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other *(specify)*: ______

## STATUS OF ACTION OR PROCEEDING Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 09/23/2026 |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: | |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | |

## NATURE OF JUDICIAL INTERVENTION Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice — Date Issue Joined: ______
- ☐ Notice of Motion — Relief Requested: ______ Return Date: ______
- ☐ Notice of Petition — Relief Requested: ______ Return Date: ______
- ☒ Order to Show Cause — Relief Requested: ORDER TO SHOW CAUSE Return Date: ______
- ☐ Other Ex Parte Application — Relief Requested: ______
- ☐ Partition Settlement Conference
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Waiver of Court Costs, Fees and Expenses
- ☐ Writ of Habeas Corpus
- ☐ Other *(specify)*: ______

**RELATED CASES** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| **Un-Rep** | **Parties**<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants**<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined**<br>For each defendant, indicate if issue has been joined. | **Insurance Carriers**<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: LG 200 DOE<br>Role(s): Plaintiff/Petitioner | DALE BAUMAN, Lipsitz Green Scime Cambria, 42 Delaware Avenue Suite 120, Buffalo, NY 14202, (716) 849-1333, dbauman@lglaw.com | ☒ YES ☐ NO | |
| ☒ | Name: CITY OF BUFFALO<br>Role(s): Defendant/Respondent | 65 Niagara Square, Rm 1100, Buffalo, NY 14202 | ☐ YES ☒ NO | |
| ☒ | Name: BUFFALO POLICE OFFICERS JOHN and/or JANE DOES #1-20<br>Role(s): Defendant/Respondent | 68 Court Street, Buffalo, NY 14202 | ☐ YES ☒ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 09/23/2026

DALE JAMES BAUMAN
Signature

4836144
Attorney Registration Number

DALE JAMES BAUMAN
Print Name

*This form was generated by NYSCEF*

# EXHIBIT 6

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

LG 200 DOE,

Plaintiff,

vs.

CITY OF BUFFALO and
BUFFALO POLICE OFFICERS JOHN
and/or JANE DOES #1-20.

Defendants.

**ORDER TO SHOW CAUSE**

Index No. 819847/2026

Assigned Judge:
Hon. Donna M. Siwek, J.S.C.

**Oral Argument Requested**

Upon reading and filing the annexed Affidavit of Dale J. Bauman, Esq., sworn to the 23rd day of September 2026 and the Affidavit of Plaintiff, LG 200 Doe, sworn to the 23rd day of September, 2026, it is hereby

**ORDERED**, that Defendants shall show Cause at a Special Term of this Court to be held at the Erie County Supreme Court, at 25 Delaware Ave, Part 26, Buffalo, New York 14202 on the 22nd day of October, 2026 at 9:30 A.M./P.M., or as soon thereafter as counsel can be heard, why an Order should not be entered:

a. Permitting Plaintiff to prosecute this action using the pseudonym "LG 200 Doe";

b. Permitting Plaintiff, *nunc pro tunc*, to file her Summons and Verified Complaint using said pseudonym, rather than her true name;

c. Directing that all papers filed in this action, and all judgments, orders, decisions, notices to or from the Court, and any other documents relating to this action, shall refer to Plaintiff only as "LG 200 Doe," or be redacted to remove her true name;

d. Prohibiting the Defendants and their attorneys from publishing or otherwise disclosing Plaintiff's true name, or personal data or information that would permit a person to ascertain Plaintiff's true name, to any individual or entity, except as required to defend this action; and

e. Requiring that Defendants and their attorneys provide a copy of this requested order to all individuals or entities to whom disclosure is necessary during the course of this litigation, and as a prerequisite, prior to disclosing Plaintiff's true identity, have each individual and/or entity sign an acknowledgment that said individual and/or entity has read and is bound by the terms of the requested order.

**IT IS FURTHER ORDERED**, that a copy of this Order to Show Cause and the supporting papers shall be served via hand delivery, personal service or overnight mail, upon Defendants on or before the 1st day of October, 2026; and it is further

**ORDERED**, that responding papers, if any, must be hand delivered or mailed to this Court and Plaintiff's counsel ~~or~~ and electronically filed on the New York State Courts Electronic Filing ("NYSCEF") site on or before the 19th day of October, 2026; and it is further

DMS ~~**ORDERED**, that reply papers, if any, are permitted and must be hand delivered or mailed to this Court and Defendants/Defendants' counsel or electronically filed on NYSCEF on or before the _____ day of ________________, 2026; and it is further~~

**ORDERED** that Plaintiff is permitted as interim relief to maintain the above pseudonym caption pending a hearing on this Order to Show Cause.

DMS

________________________
Hon.

HON. DONNA M. SIWEK, J.S.C.

~~GRANTED~~:
DATED: SEPTEMBER 24, 2026

# EXHIBIT 7

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

LG DOE 200,
*Plaintiff,*

vs.

CITY OF BUFFALO, and
BUFFALO POLICE OFFICERS
JOHN and/or JANE DOES #1-20

*Defendants.*

**ATTORNEY AFFIRMATION OF SERVICE**

Index No. **819847/2026**

Dale J. Bauman, an attorney admitted to practice before the Courts of the State of New York affirms that the following is true under penalty of perjury pursuant to CPLR 2106:

On September 28, 2026, at 12:20PM at Buffalo City Hall, Room 1100, 65 Niagara Square, Buffalo, New York 14202 I served the following documents in this Action on Defendant City of Buffalo:

- Summons
- Complaint
- Notice of e-filing
- Plaintiff's Order to Show Cause permitting Plaintiff to pursue this litigation under the pseudonym LG DOE 200 with supporting papers thereto

by personal service on Linda Fabian, whose position is typist, and who stated that she was authorized to accept the above papers for service on behalf of Defendant City of Buffalo. Upon information and belief, at the time of said service, Ms. Fabian was not in active military service.

A physical description of Ms. Fabian is approximately 67 years of age, with long white hair, slim build, and an approximate height of 5'5".

I affirm this 28th day of September, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

DATED: Buffalo, New York
September 28, 2026

LIPSITZ GREEN SCIME CAMBRIA LLP

By: [signature]
DALE J. BAUMAN, ESQ.

Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
dbauman@lglaw.com
Direct: (716) 844-3537
Office: (716) 849-1333

# EXHIBIT 8

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

LG DOE 200,
*Plaintiff*,

vs.

CITY OF BUFFALO, and
BUFFALO POLICE OFFICERS
JOHN and/or JANE DOES #1-20

*Defendants*.

**ATTORNEY AFFIRMATION OF SERVICE**

Index No. **819847/2026**

Dale J. Bauman, an attorney admitted to practice before the Courts of the State of New York affirms that the following is true under penalty of perjury pursuant to CPLR 2106:

On September 28, 2026, at 12:28PM at City of Buffalo Police Headquarters, 68 Court Street, Buffalo, New York 14202, I served the following documents in this Action on Defendants BUFFALO POLICE OFFICERS JOHN and/or JANE DOES #1-20:

- Summons
- Complaint
- Notice of e-filing
- Plaintiff's Order to Show Cause permitting Plaintiff to pursue this litigation under the pseudonym LG DOE 200 with supporting papers thereto

by personal service on Karen Johnson, whose position is secretary, and who stated that she was authorized to accept the above papers for service on behalf of Defendants BUFFALO POLICE OFFICERS JOHN and/or JANE DOES #1-20. Upon information and belief, at the time of said service, Ms. Johnson was not in active military service.

A physical description of Ms. Johnson is approximately 30 years of age, with long black hair, average build, and an approximate height of 5'9".

Additionally, on September 28, 2026, your undersigned's law firm mailed the above documents to:

BUFFALO POLICE OFFICERS JOHN and/or JANE DOES #1-20
City of Buffalo Police Headquarters
68 Court Street
Buffalo, New York 14202

by first class mail in an envelope in an envelope bearing the legend "personal and confidential"

and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

I affirm this 28th day of September, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

DATED: Buffalo, New York
September 28, 2026

LIPSITZ GREEN SCIME CAMBRIA LLP

By: Dale J. Bauman

DALE J. BAUMAN, ESQ.
*Attorneys for Plaintiff*
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
dbauman@lglaw.com
Direct: (716) 844-3537
Office: (716) 849-1333